UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X   Index No.:
HECTOR ROLDAN,

                           Plaintiff,

            -against-

FAMILY DOLLAR STORES OF NEW YORK, INC.,
individually, and d/b/a FAMILY DOLLAR, FAMILY
DOLLAR SERVICES, INC., individually and d/b/a
FAMILY DOLLAR, and TOM ALCALA, individually,

                          Defendants.
----------------------------------------------------------------------X

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, by and through his attorneys, Phillips & Associates, PLLC, upon information and belief, complains of Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), 42 U.S.C. §1981, and to remedy violations of the New York State Executive Law and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against by Defendants on the basis of his race, prior criminal conviction, as well as failure to hire.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §2000e *et. Seq.*; 42 U.S.C. §1981; 28 U.S.C. §1331, §1343, and supplemental jurisdiction thereto.

3. The Court also has jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

4. This action involves a Question of Federal Law.

5. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York. 28 U.S.C. §1391(b).

6. On or about January 4, 2017, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

7. This action is brought within ninety (90) days of the Notice of Right to Sue Letter.

## PARTIES

8. Plaintiff is a Hispanic and African-American resident of the State of New York, County of Kings.

9. At all times material, Defendant FAMILY DOLLAR STORES OF NEW YORK, INC., individually and d/b/a FAMILY DOLLAR (hereinafter also referred to as "FAMILY DOLLAR OF STORES NY") was and is a foreign business corporation duly incorporated under the laws of the State of Virginia.

10. At all times material, Defendant FAMILY DOLLAR STORES OF NY was and is a foreign business corporation authorized to conduct business in the State of New York.

11. At all times material, Defendant FAMILY DOLLAR STORES OF NY was and is a foreign business corporation which does conduct business in the State of New York.

12. At all times material, Defendant FAMILY DOLLAR SERVICES, INC., individually and d/b/a FAMILY DOLLAR (hereinafter also referred to as "FAMILY DOLLAR SERVICES") was

and is a foreign business corporation duly incorporated under the laws of the State of North Carolina.

13. At all times material, Defendant FAMILY DOLLAR SERVICES was and is a foreign business corporation authorized to conduct business in the State of New York.

14. At all times material, Defendant FAMILY DOLLAR SERVICES was and is a foreign business corporation which does conduct business in the State of New York.

15. At all times material, Defendant FAMILY DOLLAR STORES OF NY and Defendant FAMILY DOLLAR SERVICES were Plaintiff's joint prospective employers.

16. At all times material, Defendant FAMILY DOLLAR SERVICES was the parent company of DEFENDANT FAMILY DOLLAR OF NY.

17. At all times material, Defendant FAMILY DOLLAR STORES OF NY and Defendant FAMILY DOLLAR SERVICES are hereinafter collectively referred to as "FAMILY DOLLAR."

18. At all times material, Defendant TOM ALCALA (hereinafter also referred to as "ALCALA") was and is Defendant FAMILY DOLLAR's "Team Relations Manager."

19. At all times material, Defendant ALCALA had supervisory authority over Plaintiff and/or had the authority to hire or refuse to hire Plaintiff.

20. Defendant FAMILY DOLLAR and Defendant ALCALA are also hereinafter collectively referred to as "Defendants."

21. At all times material, Defendant FAMILY DOLLAR was Plaintiff's potential employer.

## MATERIAL FACTS

22. In or around November 2009, when Plaintiff was sixteen (16) years old, he pled guilty to felony assault, which occurred in his own self-defense.

23. On or about April 25, 2013, Plaintiff was released early from jail due to his good behavior. Since Plaintiff's release he has had no issues with the law

24. In or around the beginning of May 2015, **more than five (5) years after Plaintiff's conviction and more than two (2) years after his release from jail,** Plaintiff went to Defendant FAMILY DOLLAR's store located at 830 Rockaway Avenue, Brooklyn, NY 11212. While there, Defendant FAMILY DOLLAR's "Manager," Hopie (last name currently unknown), suggested that Plaintiff apply for a "Customer Service Representative" position. That same day, Plaintiff used Defendant FAMILY DOLLAR's in-store computer to apply for the position.

25. The following week, Hopie interviewed Plaintiff in person for the "Customer Service Representative" position. During the interview, Plaintiff asked Hopie, **"You know I have a criminal record, right?"** Hopie replied, **"Yes, I know you came home a few years ago"** and continued to interview Plaintiff.

26. In or around the middle of May 2015, Hopie called Plaintiff and asked him to return to the store and pick up some paperwork that he needed to fill out. While at the store, Hopie gave Plaintiff the paperwork and provided Plaintiff with instructions for a drug test he needed to take to continue in the job application process.

27. A few days later, Plaintiff submitted to the required drug test. That same day, Plaintiff returned the drug test paperwork to Hopie and was told **"You should be working here by next week."** However, Plaintiff did not hear from Defendant FAMILY DOLLAR for approximately two (2) weeks.

28. In or around the beginning of June 2015, Defendant ALCALA called Plaintiff and left him a voicemail. Later that same day, Plaintiff returned Defendant ALCALA's call. During their

phone call, Defendant ALCALA asked Plaintiff questions about his work history and detailed questions about his criminal record. Specifically, Defendant ALCALA asked "What happened that led to your arrest?" "Did you use a gun?" and "Why was there a conflict?" Plaintiff answered each of Defendant ALCALA's questions. Eventually, Defendant ALCALA told Plaintiff that Defendants would still put his application through and that he should hear back the following week.

29. **Yet, a mere two (2) hours after Plaintiff's phone call with Defendant ALCALA, he (Defendant ALCALA) called Plaintiff to tell him that he was not selected to work at Defendant FAMILY DOLLAR.**

30. In or around the beginning of June 2015, Defendants failed to hire Plaintiff, or ceased to consider Plaintiff, for the position at Defendant FAMILY DOLLAR because of his race.

31. In or around the beginning of June 2015, Defendants failed to hire Plaintiff, or ceased to consider Plaintiff, for the position at Defendant FAMILY DOLLAR because of his prior felony conviction.

32. Defendants' contract/policies specifically discriminated against Plaintiff because of his race.

33. Defendants' contract/policies specifically discriminated against Plaintiff because of his prior felony conviction.

34. Defendants' contract/policies specifically discriminated against Plaintiff without any regard for his rehabilitation.

35. At all times material, the criminal justice system has the effect of disproportionately incarcerating a specific class of minorities, including African-American and Hispanic men[1].

---

[1] http://www.doccs.ny.gov/Research/Reports/2013/UnderCustody_Report_2013.pdf

36. On or about August 26, 2015, Plaintiff called Defendant ALCALA on the telephone to find out why he was not hired by Defendants. In a conversation Plaintiff recorded, Defendant ALCALA told him that **"You are certainly welcome to reapply" if the previous charge is now off Plaintiff's record.** Defendant ALCALA also told Plaintiff that despite his age at the time of the charge, **"There are some crimes that this company considers very very serious. Whether its seven years or ten years or two years they consider it very serious."** Plaintiff responded, **"Serious enough for me to not get the job?"** Defendant ALCALA told Plaintiff, **"Yes. Well yeah, it depends, like I say it depends I don't know what it is I can't remember what it was (Plaintiff's specific crime) but there are crimes that even if its past 2 years or even past 3 or even past 5 they're serious enough that the company will code the background as not recommended."**

37. In the same recorded conversation, Defendant ALCALA told Plaintiff, **"So if you reapply and everything is clear, then you got a good chance to be considered. Good chance. If [your guilty plea is] still on there, they are going to look at it again and I'll probably end up calling you."** Defendant ALCALA also told Plaintiff, **"If it's off, I would say, then that puts you in much better shape than you were before."**

38. Defendants' policies/practices had, and have, the effect of discriminating against individuals based on their race.

39. Defendants' policies/practices had, and have, the effect of adversely singling out individuals for employment based on their race.

40. Defendants' contract/policies had, and have, the effect of discriminating against individuals based on their prior felony conviction.

41. Defendants' contract/policies had, and have, the effect of discriminating against individuals without any regard for their rehabilitation.

42. As a result of Defendants' actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

43. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered, and continues to suffer, severe emotional distress and physical ailments.

44. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

45. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all of the Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### UNDER TITLE VII
### DISCRIMINATION

46. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

47. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et Seq.*, as amended, for relief based upon the unlawful employment practice of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race.

48. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et Seq.*, by discriminating against Plaintiff because of his race, together with failure to hire.

## AS A SECOND CAUSE OF ACTION
## UNDER FEDERAL LAW
## 42 U.S.C. Section 1981

49. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. 42 U.S.C. Section 1981 states in relevant part as follows:

    a. Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and to no other.

    b. "Make and enforce contracts" defined. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

51. Plaintiff, a member of the African American and Hispanic race, was discriminated against because of his race as provided under 42 U.S.C. Section 1981 and has suffered damages as set forth herein.

## AS A THIRD CAUSE OF ACTION
## UNDER STATE LAW
## DISCRIMINATION

52. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's … race … to refuse to hire or

employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

54. Executive Law § 296 (15) also provides that "It shall be an unlawful discriminatory practice for any person, agency, bureau, corporation or association ... to deny any license or employment to any individual by reason of his or her having been convicted of one or more criminal offenses, or by reason of a finding of a lack of 'good moral character' which is based upon his or her having been convicted of one of more criminal offenses, when such denial is in violation of the provisions of article twenty-three-A of the correction law."

55. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff and ceasing his interview process and/or failing to hire him due to his race and prior criminal conviction.

56. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

57. Plaintiff also hereby makes a claim against Defendants under all of the applicable paragraphs of Article 23-A of the New York Correction Law.

### AS A FOURTH CAUSE OF ACTION UNDER STATE LAW AIDING & ABETTING

58. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

60. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A FIFTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

61. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. The Administrative Code of City of NY §8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived ... race ... of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

63. The Administrative Code of the City of New York § 8-107(10) also provides that "It shall be [an] unlawful discriminatory practice for any person to deny any license or permit or employment to any person by reason of his or her having been convicted of one or more criminal offenses, or by reason of a finding of a lack of 'good moral character' which is based on his or her having been convicted of one of more criminal offenses, when such denial is in violation of the provisions of article twenty-three-a of the correction law."

64. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff and ceasing his interview process and/or failing to hire him due to his race and prior criminal conviction.

65. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the Administrative Code of the City of New York § 8-107.

66. Plaintiff also hereby makes a claim against Defendants under all of the applicable paragraphs of Article 23-A of the New York Correction Law.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## AIDING & ABETTING

67. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. The Administrative Code of the City of New York § 8-107(6) provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

69. Defendants violated the section cited herein as set forth.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by Title VII, 42 U.S.C. §1981, the New York State Executive Law and the Administrative Code of the City of New York, on the basis of his race and prior felony conviction, as well as failure to hire;

B. Awarding damages to the Plaintiff for all lost wages and benefits past and future, back pay and front pay and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
February 16, 2017

**PHILLIPS & ASSOCIATES, PLLC**
*Attorneys for Plaintiff*

By: _____
Gregory W. Kirschenbaum, Esq.
45 Broadway, Suite 610
New York, NY 10006
(212) 248-7431